UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LOCAL 1336, AMALGAMATED TRANSIT UNION, AFL-CIO,<br>      Plaintiff,<br>      v.<br>FIRST STUDENT, INC.,<br>      Defendant. | No. 3:11cv1463 (MPS) |

**RULING AND ORDER**

In September 2010, an arbitrator found that Defendant First Student, Inc. ("First Student") terminated Liz DeLuca, a school bus driver for the Trumbull School District, without just cause and ordered DeLuca's reinstatement to her former position with backpay. Local 1336, Amalgamated Transit Union, AFL-CIO ("Local 1336"), on Deluca's behalf, sues First Student to confirm and enforce this arbitration award, pursuant to 9 U.S.C. § 9. Pending before the Court is First Student's Motion for Summary Judgment [doc. # 27] arguing that it complied with the arbitration award or, alternatively, that it is excused from compliance by the doctrine of impossibility. After reviewing the parties' submissions regarding the pending motion, the Court issued an Order [doc. # 36] advising the parties that the Court intended to remand the matter to the arbitrator, in light of an ambiguity in the award and clear Second Circuit precedent indicating that a district court should remand, rather than enforce, ambiguous arbitration awards. As neither party had addressed this issue in their briefs, the Court held a telephonic status conference on February 21, 2013 to entertain any objections or input from the parties. For the reasons that follow, the Court grants in part and denies in part First Student's motion for summary judgment and remands the case to the arbitrator.

I.     **Factual Background**

DeLuca worked as a bus driver for the Trumbull School District from 2006 through 2009 without missing a day of work and without being subject to discipline. On October 27, 2009, her son, who was enrolled at one of the schools on DeLuca's routes and was a passenger on her bus, brought a Swiss Army knife onto the school bus. After a female student yelled that DeLuca's son had a knife, DeLuca called him to the front of the bus and had him sit in the first row for the remainder of the ride. DeLuca did not report the incident to the school. First Student first suspended and then fired DeLuca for failing to report the knife incident, finding that "just cause" existed for such action under Article 14.1 of the collective bargaining agreement.

Local 1336 grieved and then arbitrated DeLuca's termination on her behalf, and on September 27, 2010, Arbitrator James S. Cooper found that "DeLuca was not discharged for just cause by First Student," and ordered that First Student "shall reduce the discipline to a verbal warning and shall otherwise reinstate DeLuca to her former position and make her whole including full seniority, back pay and benefits."

In January 2011, First Student reinstated DeLuca. Upon reinstatement, however, DeLuca was unable to resume driving buses because her commercial driver's license had expired. Accordingly, First Student trained DeLuca to be recertified to drive commercial vehicles. After a failed attempt in April 2011, DeLuca passed the skills test administered by the Connecticut Department of Motor Vehicles and obtained her commercial driver's license in or around May 2011. Once DeLuca was properly certified, First Student requested that the Trumbull School District allow DeLuca to return as a bus driver in the District. The District, through its transportation coordinator Dawn Perkins, declined First Student's request and asked that DeLuca be permanently removed from Trumbull routes. As the contract between First Student and the

Trumbull School District provided the latter with the right, "solely in its discretion," to "remove, reject, or direct replacement of any . . . bus driver," First Student complied.  With a Trumbull route no longer an option, First Student offered DeLuca a driver position in Monroe, which abuts Trumbull to the north, and DeLuca accepted. DeLuca began servicing the Monroe route in August 2011.

Finally, First Student paid DeLuca $ 7582.38 in backpay.  To arrive at this amount, First Student summed DeLuca's weekly wages, excluding the time period after she failed her commercial driver's exam in April 2011, and then subtracted the company's contributions for training her as well as the amount that she received in unemployment insurance.

In September 2011, Local 1336 brought this action to confirm and enforce Arbitrator Cooper's award, claiming that First Student did not satisfy its backpay obligations and failed to return DeLuca to her former position.

## II. Standard of Review

Summary judgment is appropriate only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party—here, First Student—bears the burden of demonstrating that no genuine issue exists as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006).

If the moving party carries its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

## III. Discussion

First Student argues that it complied with the arbitration award, both with respect to backpay and its obligation to reinstate DeLuca to her "former position." The Court agrees that First Student is entitled to summary judgment with respect to the backpay, but because the Court finds the arbitration award ambiguous as to the scope of the reinstatement obligation, the Court remands the matter to the arbitrator.

### A. Backpay

First Student paid DeLuca $ 7582.38 and offers evidence that it properly calculated this amount to make DeLuca whole. Local 1336 offers no response to this evidence, ignoring the issue in its opposition brief. Local 1336 has thus abandoned its claim with respect to backpay. *See Lami v. Stahl*, No. 3:05cv1416 (MRK), 2007 WL 3124834, at *1 (D. Conn. Oct. 25, 2007) ("It is well settled that a failure to brief an issue is grounds to deem the claim abandoned."); *accord Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Further, First Student's Local Rule 56(a)(1) Statement says that it paid "all back pay owing," and Local 1336's failure to file a Local Rule 56(a)(2) statement means that this fact is admitted. (Def.'s Local Rule 56(a)(1) Statement ¶ 22.)

### B. Reinstatement

The Second Circuit has made clear that "a court should not attempt to enforce an award that is ambiguous or indefinite." *Americas Ins. Co. v. Seagull Compania Naviera, S.A.*, 774 F.2d

64, 67 (2d Cir. 1985). Rather, ambiguous awards "should be remanded to the arbitrators so that the court will know exactly what it is being asked to enforce." *Id.* The Second Circuit has repeatedly directed that district courts remand, rather than enforce, ambiguous awards. *See, e.g.*, *York Research Corp. v. Landgarten*, 927 F.2d 119, 123 (2d Cir. 1991) (directing remand to the arbitrator where the court was "unable to determine whether the arbitrators intended the word 'expenses' to include attorneys' fees"); *N.Y. Bus Tours, Inc. v. Kheel*, 864 F.2d 9, 12 (2d Cir. 1988) (directing remand to clarify availability of certain relief).

The Court finds that the reinstatement provision is ambiguous. Arbitrator Cooper ordered that First Student "shall reduce the discipline to a verbal warning and shall otherwise reinstate DeLuca to her former position and make her whole including full seniority, back pay and benefits." First Student reads "former position" to mean a job as a bus driver for First Student. Local 1336 argues that "former position" means a bus driver position for First Student *in Trumbull*, and that the Monroe position does not satisfy the terms of the award. The express language of the Opinion and Award, however, is silent about whether "former position" encompasses a geographic component. As the award is ambiguous, remand is appropriate. *See Seagull Compania*, 774 F.2d at 67.

IV.   **Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment [doc. # 54] is **GRANTED IN PART and DENIED IN PART**. The Court finds as a matter of law that First Student has satisfied its backpay obligations under the arbitration award. All of the remaining relief that First Student requested in its motion is denied without prejudice. The matter is remanded to the arbitrator (1) to clarify whether the reinstatement remedy required First Student to restore DeLuca to a position in Trumbull, and (2) to determine the rights of the parties in the

event that the Trumbull School District continues to exercise its contractual right to eject DeLuca as a driver on any Trumbull routes. **The Clerk is directed to administratively close the case, without prejudice to reopening by motion filed with the Court within thirty days of the arbitrator's decision on remand.**

                                                    IT IS SO ORDERED.

                                                    /s/
                                                Michael P. Shea, U.S.D.J.

Dated:        Hartford, Connecticut
                February 21st, 2013